UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RACHAEL M. GUARY,

                        Plaintiff,

                                                             <u>DECISION AND ORDER</u>

                                                             08-CV-6571L

          v.

UPSTATE NATIONAL BANK,

                        Defendant.
_____

      Plaintiff, a former employee of Upstate National Bank (the "Bank"), brings this action alleging that the Bank subjected her to a demotion equivalent to a constructive discharge, in violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12112 et seq.) ("ADA"), the New York Human Rights Law (N.Y. Exec. Law §290 et seq.), and New York common law.

      The Bank has moved to dismiss plaintiff's claims in their entirety pursuant to Fed. R. Civ. Proc. 12(c) (Dkt. #2), on the grounds that the plaintiff has failed to state a claim. For the reasons set forth below, that motion is granted.

**DISCUSSION**

      Initially, the Court notes that the defendant's motion is unopposed. Although plaintiff was afforded several weeks to respond, which time was subsequently extended at the request of

plaintiff's counsel until May 4, 2009 (Dkt. #4), the plaintiff has not filed any opposition to the motion.

While the plaintiff's failure to oppose the motion to dismiss may be telling, it is not, by itself, fatal to the plaintiff's case. "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). Thus, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable inferences in favor of the non-movant," as it must in deciding a Rule 12(b)(6) motion, the Court addresses the Bank's motion to dismiss on the merits. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). In so doing, the Court applies the now-familiar *Twombly* standard, which holds that "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See e.g.*, *Ashcroft v. Dept. of Corrections*, 2007 U.S. Dist. LEXIS 49079 (W.D.N.Y. 2007) (discussing and applying the *Twombly* standard).

**I.     The Bank's Motion to Dismiss**

Plaintiff's complaint (Dkt. #1) alleges that plaintiff, initially hired by the Bank as a Manager Trainee and later promoted to Branch Manager for the Bank's Brighton branch, became temporarily disabled from employment on September 10, 2006 after breaking her right ankle. Plaintiff took a disability leave of absence until she was cleared by her physician to return to work, on or about

December 4, 2006. Upon plaintiff's return, the Bank informed her that a new Branch Manager had been hired during her absence, and proposed that she accept an open teller position, with a 20% reduction in pay. Plaintiff refused the teller position, and resigned.

Plaintiff thereafter filed a timely administrative charge with the New York State Division of Human Right ("NYSDHR") alleging discrimination on the basis of disability. After investigation, the NYSDHR found probable cause to believe that the Bank had unlawfully discriminated against plaintiff. Although the EEOC denied a request by the Bank to vacate the probable cause finding and scheduled the matter for a hearing, plaintiff requested dismissal of the charge on the grounds of administrative convenience so that she could pursue her remedies in this Court. That request was granted.

Plaintiff's complaint alleges the following causes of action: (1) intentional discrimination on the basis of disability, effecting a constructive discharge in violation of the ADA; (2) intentional discrimination on the basis of disability, in violation of the New York Human Rights Law; (3) tortious interference with prospective economic advantage; and (4) breach of the implied covenant of good faith and fair dealing.

**A.     Discrimination in violation of the ADA and NY Human Rights Law**

In order to state a claim of discrimination based on disability, a plaintiff must allege "an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives. The impairment's impact must also be permanent or long-term." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198 (2002).[1]  As such, temporary

---

[1]  The Court notes the recent enactment of the ADA Amendments Act ("ADA AA"),
(continued...)

conditions do not constitute an actionable disability. *See Jackson v. Nor Loch Manor HCF*, 134 Fed. Appx. 477, 477 (2d. Cir. 2005) (surgical procedure requiring a temporary absence from work is "not enough to sustain a claim under the ADA"); *Adams v. Citizens Advice Bureau*, 187 F.3d 315, 316-317 (2d Cir. 1999) (where employee's automobile accident injuries caused a three-and-a-half month absence, with no evidence of substantial ongoing limitations, employee was not disabled within the meaning of the ADA); *Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 646 (2d Cir. 1995) ("a seven-month impairment [with unspecific residual, ongoing limitations] is of too short a duration and too vague an extent to be 'substantially limiting'"). Here, plaintiff's broken ankle, which resulted in a single, twelve-week disability leave with no alleged physical limitations thereafter, is not a disability for purposes of the ADA or the parallel New York statute. *See generally Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008) (noting that due to the similarities between federal and New York State disability laws, disability claims under the N.Y. Exec. Law are analyzed under the rubric of the ADA). Thus, as a matter of law, plaintiff has failed to plead the existence of a disability for purposes of her federal and state disability discrimination claims, and those claims must be dismissed.

---

[1](...continued)
which has partially superseded *Toyota Motor Mfg., Ky., Inc.* and other Supreme Court precedent by broadening the definition of "disability," and enlarging the scope of protection available under the ADA. *See* ADA Amendments Act of 2008, Pub. L. 110-325, 122 Stat. 3553 (2008). However, the amendments, which took effect January 1, 2009, do not apply retroactively, and thus do not affect the Court's analysis here. *See, e.g.*, *Moran v. Premier Educ. Group, LP*, 599 F. Supp.2d 263, 271-272 (D. Conn. 2009) (collecting cases); *Gibbon v. City of New York*, 2008 U.S. Dist. LEXIS 106671 at *16 n. 47 (S.D.N.Y. 2008).

B.  **Tortious interference with Prospective Economic Advantage**

It is well-settled that in order to state a claim for tortious interference with prospective economic advantage, a plaintiff must allege that: (1) she had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted out of malice, or used improper means; and (4) the defendant's interference injured the business relationship." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006). Plaintiff not only fails to allege malice or improper means, but also does not identify any business relationship between plaintiff and a third party with which the Bank could possibly have interfered. Indeed, plaintiff asserts only that the Bank tortiously interfered with *its own business relationship with plaintiff. See GE Capital Corp. v. D'Agostino Supermarkets, Inc.*, 2005 U.S. Dist. LEXIS 14446 at *11 (S.D.N.Y. 2005) (allegations that defendant interfered with contractual obligations between plaintiff and other parties to the same contract do not state a claim for tortious interference with prospective economic advantage, because they do not allege interference with a contract between plaintiff and a third party). Such allegations are nothing more than a futile, thinly-veiled attempt at circumventing the strictures imposed upon plaintiff by the at-will nature of her employment with the Bank. Accordingly, plaintiff's tortious interference claim must be dismissed.

C.  **Breach of the implied covenant of good faith and fair dealing**

The plaintiff does not allege the existence of any contractual relationship with the Bank relative to her employment. "[A]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" under New York law. *Sabetay v. Sterling Drug, Inc.*, 69 N.Y.2d 329, 333 (1987). Because New York

recognizes no covenant of good faith and fair dealing in an at-will employment relationship, that claim must be dismissed. *See Chimarev v. TD Waterhouse Investor Servs.*, 99 Fed. Appx. 259, 262 (2d Cir. 2004), *citing Horn v. New York Times*, 100 N.Y.2d 85, 96-97 (2003); *Benoit v. Commercial Capital Corp.*, 2008 U.S. Dist. LEXIS 64905 at *31 (S.D.N.Y. 2008).

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss (Dkt. #2) is granted, and the plaintiff's complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      May 28, 2009.